AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Texas
### DEL RIO DIVISION

APR. 22, 2015



CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.

LAURA HERNANDEZ

Defendant.

Case Number   DR-14-CR-465 (02) AM
USM Number   34431-380

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, LAURA HERNANDEZ, was represented by Reginald Van Wade.

On motion of the United States, the Court has dismissed Count(s) Two and Three.

The defendant pled guilty to Count(s) One of the Indictment on June 26, 2014. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count (s) |
|---|---|---|---|
| 8 U.S.C. § 1324 | Conspiracy to Transport Illegal Aliens | March 25, 2014 | One |

As pronounced on April 20, 2015, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the __22nd__ day of April, 2015.

_____
ALIA MOSES
United States District Judge

Arresting Agency:  HSI-Del Rio

Judgment--Page 2

Defendant: LAURA HERNANDEZ
Case Number: DR-14-CR-465 (02) AM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 8 months with credit for time served from March 25, 2014 through April 1, 2014 and May 15, 2014, on pursuant to 18 U.S.C. § 3584(a).

The defendant shall remain in custody pending service of sentence.

The defendant be incarcerated in a federal facility as close to Fort Worth, Texas, as possible.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

at _____ Defendant delivered on _____ to _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 06/05)(W.D.TX.) - Supervised Release

Judgment--Page 3

Defendant: LAURA HERNANDEZ
Case Number: DR-14-CR-465 (02) AM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three years.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court, and shall comply with the following additional conditions:

__X__    The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

__X__    The defendant will attend and participate in a General Equivalency Diploma Program as directed by the Probation Officer.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 4

Defendant: LAURA HERNANDEZ
Case Number: DR-14-CR-465 (02) AM

## CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

5) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6) The defendant shall cooperate in the collection of DNA as directed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

7) If convicted of a sexual offense and required to register under the Sex Offender and Registration Act, that the defendant comply with the requirements of the Act.

8) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

9) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Standard Conditions:**

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family obligations, and shall comply with the terms of any court order or order of an administrative process requiring payments by the defendant for the support and maintenance of a child or of a child and the parent with whom the child is living.

5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time, at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 5

Defendant: LAURA HERNANDEZ
Case Number: DR-14-CR-465 (02) AM

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that my be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications, and to confirm the defendant's compliance with such notification requirement.

14) If convicted of a sex offense as described in the Sex Offender Registration and Notification Act or has a prior conviction of a State or local offense that would have been an offense as described in the Sex Offender Registration and Notification Act if a circumstance giving rise to federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer, and if deemed necessary by the probation officer. Such program may include group sessions led by a counselor or participation in a program administered by the probation office. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

18) The defendant shall participate in workforce development programs and services as directed by the probation officer, and if deemed necessary by the probation officer, which include occupational/career development, including but not limited to assessment and testing, education, instruction, training classes, career guidance, job search and retention services until successfully discharged from the program. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

19) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally reenter the United States. If the defendant lawfully reenters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

20) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

21) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

22) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 6

Defendant: LAURA HERNANDEZ
Case Number: DR-14-CR-465 (02) AM

The Court further adopts such of the following special conditions applied to the supervised person by the judge at the time of sentencing:

1) **Community Confinement:** The defendant shall reside in a Community Corrections Center for a period of _____ months to commence on _____. Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

   **Location Monitoring Program:**

2) *Radio Frequency Monitoring:* The defendant shall participate in the Location Monitoring Program with Radio Frequency Monitoring for a period of _____ days/months. You shall abide by the rules and regulations of the Participant Agreement Form. During this time, you will remain at your place of residence except for employment and other activities approved in advance by your probation officer. You will maintain a telephone at your place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period as directed by the probation officer. You will wear an electronic monitoring device and follow location monitoring procedures specified by your probation officer. You shall pay all or part of the costs of the program based on the ability to pay as directed by the probation officer.

3) *Global Positioning Satellite (GPS):* The defendant shall participate in the Location Monitoring Program for a term not to exceed _____ days/months, which will include remote location monitoring using ____Active ____Passive Global Positioning Satellite (GPS) tracking. You shall abide by the rules and regulations of the Participant Agreement Form. During this time, you will remain at your place of residence except for employment and other activities approved in advance by your probation officer. You will maintain a telephone at your place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period as directed by the probation officer. At the direction of the probation officer, you shall wear a transmitter and be required to carry a tracking device. You shall pay all or part of the costs of the program based on the ability to pay as directed by the probation officer.

4) **Community Service:** The defendant shall perform _____ hours of community service work without pay, at a location approved by the probation officer, at a minimum rate of four hours per week, to be completed during the first _____ months of supervision.

5) **Sex Offender Search & Seizure Condition:** If required to register under the Sex Offender Registration and Notification Act, the defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

Judgment--Page 7

Defendant: LAURA HERNANDEZ
Case Number: DR-14-CR-465 (02) AM

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 111 E. Broadway, Suite100 Del Rio, Texas 78840.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTAL: | $100.00 | $1,500.00 | $0 |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $100.00.

### Fine

The defendant shall pay a fine of $1,500.00. The Court finds the defendant has present and future ability to pay a reduced fine.

### Schedule of Payments

Payment shall be made at the rate of no less than $60.00 per month, due by the third day of each month beginning on or before June 3, 2015. The Court imposed payment schedule shall not prevent statutorily authorized collection efforts by the U.S. Attorney. The defendant shall cooperate fully with the U.S. Attorney and the U.S. Probation Office to make payment in full as soon as possible.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.